UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-21877-CIV-COOKE/WHITE

THOMAS B. STRINGER,

      *Plaintiff,*

v.

TIMOTHY P. RYAN, *et al.*,

      *Defendants*.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER is before me on Plaintiff's Motion for Reconsideration [D.E. 73], as construed from Plaintiff's Notice of Appeal of Magistrate Judge's Decision [D.E. 72]. The motion is predicated on Plaintiff's Motions to Compel [D.E. 44 & 64]. For the following reasons, Plaintiff's Motion for Reconsideration [D.E. 73] is granted.

### I. Background

Through his complaint, Plaintiff alleges violations of the First Amendment (retaliation) and the Fourteenth Amendment (endangerment) at the hands of Correctional Officer Franklin Jones and Corporal Cynthia Kendrick, in their individual capacity. (*See* Compl. [D.E. 1]; *see also* Order adopting Report and Recommendations [D.E. 50].) On March 29, 2009, Plaintiff had two subpoenas served on the records custodian for the Miami-Dade Corrections and Rehabilitation Department ("MDCR"). (*See* Notice of no objection [D.E. 42].) The subpoenas sought the personnel files of Jones and Kendrick. On April 24, 2009, MDCR delivered an

invoice to Plaintiff, indicating that just over 600 pages of responsive documents were available, but that their production was conditioned on the payment of $643.00.[1]  (Notice of non-compliance/Motion for Contempt [D.E. 44].)  MDCR did not file any objections to the subpoenas, nor did it move to quash the subpoenas.  Plaintiff has moved to compel the production of the records on two occasions.  (*See* "Subpoena Non-Compliance" [D.E. 44] and "Motion for Contempt of Court" [D.E. 64].)[2]

## II. LEGAL STANDARDS

A party to federal lawsuit may issue a subpoena to a nonparty, compelling the production of documents relevant to any of the parties' claims or defenses.  *Compare* Fed. R. Civ. P. 45 *with* Fed. R. Civ. P. 26(b)(1). A nonparty is usually required to pay its own costs of production, so long as the costs do not represent an undue burden or expense.  *Miller v. Allstate Fire & Cas. Ins. Co.*, No. 07-260, 2009 WL 700142, at *2 (W.D. Pa. Mar. 17, 2009).  This rule is "supported by basic principles of due process." *Klay v. All Defendants*, 425 F.3d 977, 986 (11th Cir. 2005) (explaining that there is a "fundamental responsibility of every person to give testimony"); *see also In re Grand Jury Subpoena Duces Tecum*, 555 F.2d 1306, 1308-09 (5th Cir. 1977) ("The

---

[1]  MDCR's invoice indicates that there are total of 620 pages, at a rate of $.15 per page, for a total copy cost of $93.00.  The invoice also indicates that it took (or will take) twenty-two administrative hours to produce the requested documents, at a cost of $25.00 per hour, for a total administrative cost of $550.00.  The total cost of production, based on MDCR's invoice, is $643.00.

[2]  A pro se plaintiff's briefs should be construed liberally.  *Harris v. United Auto. Ins. Group, Inc.*,  579 F.3d 1227, 1232 n.2 (11th Cir. 2009).

cost of reproduction of documents so that the holder may retain the originals and the [subpoenaing party] have the copies is a cost that, in all but the most exceptional of cases, is undertaken by the holder for his own convenience.").

A person who is commanded to respond to a subpoena may object, but must do so within fourteen days after the subpoena is served.  Fed. R. Civ. P. 45(c)(B).  A non-party waives any objections if she does not timely object to the subpoena.  *See In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998); *see also Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990); *Angell v. Shawmut Bank Conn. Nat. Ass'n*, 153 F.R.D. 585, 590 (M.D.N.C. 1994).

## III. DISCUSSION

Upon receiving the subpoena for records from Plaintiff, MDCR could have objected to the production of the subpoenaed documents on the grounds that it imposed an undue burden or expense.  It filed no objection.  MDCR could have moved to quash the subpoenas for the same reasons.  It did not move to quash.  MDCR could have responded to Plaintiff's Motion to Compel.[3]  It did not.  Under these circumstances MDCR has waived any objections to the production of the requested documents.

The documents requested - personnel files of two employees - are the type of documents that would normally be kept together in the ordinary course of business.  Plaintiff is not seeking a

---

[3]  For example, Plaintiff also sent a subpoena to Correctional Health Services, and moved to compel production from that non-party when it failed to respond.  (Notice of non-compliance/ Motion for Contempt [D.E. 47].)  Unlike MDCR, which ignored Plaintiff's motion to compel, Correctional Health Services' filed a response to that Notice of non-compliance/Motion for Contempt raising several valid issues.  (Resp. in Opp'n [D.E. 48].)

compilation of data, or reports from numerous sources, or from several different locations.  It is reasonable to expect that MDCR maintains its personnel files together and that they could be retrieved quickly and efficiently.  It is difficult to understand how it could possibly take twenty-two administrative hours to go to a file cabinet, identify and remove the files of the two employees, and run those files through the copy machine.  If there is some factual reason that MDCR actually needed an employee to work for nearly three full days to pull and copy these files, then MDCR should have responded to the subpoena by filing an objection or by moving to have the subpoena quashed.  It did neither.  Moreover, copying 620 pages, of what is likely standard size paper, is a relatively routine and inexpensive undertaking.[4]  Accordingly, I find that the production of the requested documents would not impose an undue burden or expense on MDCR.  Therefore, MDCR must produce the documents.

## IV. CONCLUSION

For the reasons as explained above, I hereby **ORDER and ADJUDGE** that:

1.  Plaintiff's Motion for Reconsideration [D.E. 73], regarding his Motions to Compel [D.E. 44 & 64], is **GRANTED**.

2.  Miami-Dade Corrections and Rehabilitation Department shall produce the records identified in its invoice dated April 17, 2009 (tracking number 200900252 - as attached to

---

[4]  Courts in the Southern District of Florida have recognized that $.10 per page is a reasonable cost for copying.  *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 651-52 (S.D. Fla. 2007).

Plaintiff's Notice of non-compliance/Motion for Contempt [D.E. 44]).  These documents shall be produced to Plaintiff within thirty days of this Order.

   **DONE and ORDERED** in Chambers, in Miami, Florida, on this 30th day of October 2009.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*All counsel of record*

*The Hon. Patrick A. White*

Thomas B. Stringer, *pro se* Plaintiff
No. 070707789
Metro-West Detention Center
13850 N.W. 41st Street
Miami, FL 33178

Miami-Dade County Corrections & Rehabilitation Dept.
Central Records Unit
2525 NW. 62nd Street
Miami, Florida 33144