UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-21877-Civ-COOKE/WHITE

THOMAS B. STRINGER,

    Plaintiff
vs.

CORPORAL CYNTHYA KENDRICK, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

THIS MATTER is before me on Defendant Corporal Cynthia Kendrick's Motion for Dismissal or Judgment on the Pleadings, and Motion to Stay Proceedings and Reset or Extend Scheduling Order. (ECF No. 139). For the reasons explained below, the Motion to Dismiss is granted without prejudice.

### DISCUSSION

Plaintiff alleges that on December 30, 2007, Defendants Corporal Kendrick ("Kendrick") and Officer Franklin Jones ("Jones") retaliated against him because Plaintiff filed a grievance regarding his inability to access the Miami-Dade County Pretrial Detention Center law library. (ECF No. 1). Specifically, Plaintiff claims that Kendrick and Jones threatened to take away Plaintiff's cell privileges, attempted to "incite and agitate" other inmates into attacking Plaintiff, and refused to transfer Plaintiff from the unit after another inmate threatened his life. (*Id.*). Defendant now argues that Plaintiff's claims must be dismissed because this Court lacks subject matter jurisdiction. I agree.

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner

must comply with the procedural rules and deadlines of the institution's grievance system to properly exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In Florida, the mandatory administrative procedure requires a State prisoner to: (1) file an informal grievance with the staff member who is responsible in the area of the particular problem, (2) file a formal grievance with the warden and then (3) submit an appeal to the Secretary of the Florida Department of Corrections. *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004); Fla. Admin. Code §§ 33-103.005 - .007. Courts have no discretion to waive the mandatory requirement. *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005) (the Prison Litigation Reform Act eliminates judicial discretion and mandates strict exhaustion).

The current exhaustion requirement was designed to reduce the quantity and improve the quality of prisoner suites, and affords corrections officials the opportunity to address complaints internally before allowing the initiation of a federal case. *Porter v. Nussle*, 534 U.S. 516, 516-17 (2002). In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. *Id.* In other instances, the internal review might filter out frivolous claims or clarify the controversy to facilitate efficient adjudication. *Id.* at 517. Accordingly, there are no futility or inadequacy exceptions to the requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998); *Harris v. Garner* 190 F.3d 1279, 1286 (11th Cir. 1999). An inmate must comply with the institution's requirements before filing a lawsuit in federal court regardless of the adequacy of the claims. *Alexander*, 159 F.3d at 1325-26; *Moore v. Smith*, 18 F. Supp. 2d 1360, 1364 (1998). Furthermore, a prisoner who has not sought leave to file an out-of-time grievance cannot be considered to have exhausted his administrative remedies. *See Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir. 2008). Even if an appeal would have been futile, the requirement that a grievance be filed cannot be waived. *See Alexander*, 159 F.3d at 1325-26.

The record in this case supports Defendant's claim that Plaintiff never filed a grievance with the Miami-Dade County Pretrial Detention Center regarding the alleged actions of Kendrick and Jones. Accordingly, I hereby **ORDER and ADJUDGE** that this dispute is not ripe for judicial review and the Court is without subject matter jurisdiction. *Turner v. Burnside*, 541 F.3d 1077, 1982 (11th Cir. 2008) (the defense of failure to properly exhaust administrative remedies is treated "like a defense for lack of jurisdiction"). This case is therefore **DIMISSED** *without prejudice*. The Clerk is directed to **CLOSE** this case. All pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 4TH day of February 2011.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick A. White, U.S. Magistrate Judge*
*Counsel of Record*


Thomas B. Stringer
No. 070101789 4B4
Metropolitan Correctional Center
150 Park Row
New York, NY 10007
PRO SE