UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 08-21877-Civ-COOKE/WHITE

THOMAS B. STRINGER,

    Plaintiff
vs.

CORPORAL CYNTHYA KENDRICK, *et al.*,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF THOMAS STRINGER'S MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE MOTION AND ORDER FOR LEAVE TO FILE AN OUT OF TIME GRIEVANCE**

THIS MATTER is before me on Plaintiff Thomas Stringer's Motion for Reconsideration or in the Alternative Motion and Order for Leave to File an Out of Time Grievance. (ECF No. 151). For the reasons explained below, the motion is denied.

**BACKGROUND**

On or about December 30, 2007, Defendants Corporal Kendrick ("Kendrick") and Officer Franklin Jones ("Jones") allegedly retaliated against Plaintiff Thomas B. Stringer ("Stringer") because he filed a grievance with the Miami-Dade Corrections and Rehabilitation Department ("MDCR") after he was refused a razor. Stringer also filed a grievance to address his denial of access to the law library. Stringer filed a complaint under the Civil Rights Act, 42 U.S.C. § 1983 claiming that Kendrick and Jones threatened to take away his cell privileges, attempted to "incite and agitate" other inmates into attacking him, and refused to transfer him from the unit after another inmate threatened his life. (ECF No. 1). On February 4, 2011, Stringer's claims were dismissed without prejudice for failure to exhaust administrative remedies. (*Order Granting Mot. to Dismiss Without Prejudice*, ECF No. 147). On

reconsideration, Stringer contends that he attempted to comply with the administrative procedures but that the MDCR "refused to process the grievance." (*Mot. for Reconsideration*, ECF No. 151).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1977e(a). A prisoner must comply with the procedural rules and deadlines of the institution's grievance system to properly exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In Florida, the mandatory administrative procedure requires a State prisoner to: (1) file an informal grievance with the staff member who is responsible in the area of the particular problem; (2) file a formal grievance with the warden; and then (3) submit an appeal to the Secretary of the Florida Department of Corrections. *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004); Fla. Admin. Code §§ 33-103.005 - .007. Courts have no discretion to waive the mandatory requirement. *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005) (the PLRA eliminates judicial discretion and mandates strict exhaustion of administrative remedies).

Where there is an issue regarding the exhaustion of administrative remedies, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). In *Bryant*, the prisoner claimed that he was denied access to the requisite grievance forms. *Id.* at 1373. The Eleventh Circuit found that the prisoner's claims lacked credibility because the prisoner filed a different grievance, thus evidencing that he had access to the forms. *Id.* at 1377. The factual issues

regarding whether Stringer exhausted administrative remedies do not decide the merits of the retaliation claim.  Second, Stringer had several years after the incident to sufficiently develop the record.  As in *Bryant*, Stringer managed to file another grievance during the time period during which he claims the MDCR refused to process his grievance.  Thus, it is not unreasonable to infer that Stringer had access to the administrative process. *See id*. at 1377-78

In the alternative, Stringer requests that this Court order that the MDCR accept an out-of-time grievance from Stringer. It is, however, within the sole discretion of the MDCR to determine whether to accept the out-of-time grievance.  Moreover, as a factual consideration, Stringer was relocated to the Metropolitan Correctional Center in New York in or about June 2010.  While I recognize that a grievance filed after Stringer's transfer would have been untimely, Stringer has had ample opportunity to request consideration of an untimely grievance for good cause.  Because Stringer has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies.

## CONCLUSION

For the foregoing reasons, I hereby **ORDER and ADJUDGE** that Stringer's Motion for Reconsideration or in the Alternative Motion and Order for Leave to File an Out of Time Grievance (ECF No. 151) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 27th day of July 2011.

_____
MARCIA G. COOKE
United States District Judge